Common Pleas Court of Hamilton County.

MIDLAND ACCEPTANCE CORP. V. JOHN KUDERER, ETC.

(Decided September, 1929.)

*William R. Collins,* for the plaintiff.

*Frank J. McErlane* and *Elmer L. Conway,* for defendant.

HURLEY, J.

The plaintiff in this case loans money on notes secured by chattel mortgages on automobiles. The defendant operates a tire and battery service and in connection therewith, stores automobiles.

The plaintiff owns a promissory note signed by Harry Golfman, said note being secured by a chattel mortgage filed August 27, 1928. Some two or three months thereafter, one Vic Golfman stored the said automobile with the defendant, the storage charges ultimately amounting to $39. The automobile remained with the defendant until taken by the Sheriff of Hamilton county in this action, a bond being given the Sheriff by the plaintiff. The amount remaining due on the note was $482, the car being sold for $475.

The issues for determination are whether or not plaintiff is entitled to maintain an action at replevin and whether defendant has a lien upon the car.

The court holds that the case of *Keller* v. *Evans*, 14 Ohio Appeals, 265, is decisive of the first issue and entitles the plaintiff to maintain an action in replevin.

As to the second issue; defendant concedes that he is not a warehouseman and therefore has no statutory lien, but claims that he has a common law lien.

Some reference has been made by counsel in their oral argument to the old livery stable lien statutes of Ohio; however in 27 Ohio Appeals, 82, it is held that these statutes cannot be extended, by implication or otherwise, to cover motor vehicles. It can easily be seen that there is a great distinction between the two. The taking care of a horse involves work, labor and the expenditure of money for feed. In the instant case there is no claim made by the defendant that any work, labor or money was expended upon the automobile by him. As the court understands the common law rule, it is that work and labor must be expended upon a chattel to maintain it in as good condition as it was before coming into the possession of the claimant to entitle claimant to a lien.

The court holds that the plaintiff is entitled to the immediate possession of the automobile and that the defendant has no lien thereon. A decree may be prepared accordingly.